■ AVMA INTERCONTINENTAL, INC., et al., Respondents, v. J. S. FRELING-HUYSEN CORPORATION, Appellant, et al., Defendants.— Order, Supreme Court, New York County, entered September 26, 1974, denying defendant's motion to dismiss for failure to state a cause of action or, in the alternative, for summary judgment, unanimously reversed, on the law, summary judgment granted to defendant-appellant as to paragraph twentieth (e) of the amended complaint and that cause of action dismissed and severed. Appellant shall recover of respondents $60 costs and disbursements of this appeal. AVMA Intercontinental, Inc. (AVMA) purchased all of the capital stock of Transatlantic Marine Claims Agency, Inc. (TMCA) from the defendant, J. S. Frelinghausen Corp. (JSF). TMCA was and is now engaged in the business of independently adjusting marine insurance claims. TMCA acted as agent for foreign insurance companies and adjusted and settled claims of the shippers and consignees who were clients of the foreign insurers for damage or loss of cargoes imported into the United States. After payment of a claim, TMCA, as an additional service, would then pursue the rights of the foreign insurance company against the person responsible for the damage. Since time limitations for such subrogation actions were limited by contract, TMCA further undertook to keep track of these time limitations and obtain extensions of time to sue or recommend initiation of suit. TMCA, in its recommendations to the foreign carriers it serviced, would consider the weakness of liability or the smallness of the potential recovery, as well as other factors, before recommending that its principals pursue their rights in subrogation. During the negotiations for the sale of TMCA, it was recognized that there were claims which may have become time-barred and which might cast TMCA in liability for its failure to process those claims. The contract therefore included clauses providing, *inter alia*, that JSF (the seller) would indemnify AVMA (the purchaser) against any claims pressed by the foreign carriers against TMCA for failure to enforce their rights of subrogation. The language of the contract provided in pertinent part: "8.4 In the event that any claim or demand is made which would or might be indemnifiable • • • the indemnitees shall promptly notify the indemnitor thereof in writing. The indemnitor shall, through its counsel and at its cost and expense, defend against such claim in the name of and on behalf of the indemnitee. No settlement of any such claim shall be made without the consent of the indemnitor. The indemnitor shall pay the amount of any judgment against the indemnitee or the amount of any settlement which is indemnifiable hereunder." After the sale of TMCA, AVMA sued JSF for breach of contract and included therein a cause of action for time-barred claims valued in excess of $200,000. JSF moved for summary judgment on this cause of action on the ground that no claims within the meaning of section 8.4 of the contract had been made. AVMA did not come forward with any proof of claims actually made against TMCA by any of its principals or any lawsuits pending by a principal against TMCA for failure to prosecute a subrogation claim. Absent proof of such a claim

presenting a triable issue, JSF was entitled to summary judgment as to that portion of the complaint. Concur — Murphy, J. P., Tilzer, Lane and Yesawich, JJ.